UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HAN PEIYONG,

        Movant,

v.

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION

        Respondent.

AFFIDAVIT IN SUPPORT OF MOTION FOR ORDER PURSUANT TO CUSTOMER CHALLENGE PROVISIONS OF RIGHT TO FINANCIAL PRIVACY ACT OF 1978

---

HAN PEIYONG, declares under the penalty of perjury as follows:

1. I make this affidavit based on my personal knowledge and a review of my own records.

2. I am a customer of East West Bank and the individual whose financial records are the subject of a subpoena issued by the United States Securities and Exchange Commission ("SEC").

3. Attached hereto as Exhibit A is a true and correct copy of the Subpoena Duces Tecum ("Subpoena") and Customer Notice ("Notice") served by the SEC upon East West Bank, 9300 Flair Drive, 4th Floor, El Monte, CA 91731, seeking production of my banking records.

4. The Subpoena demands that East West Bank produce "all documents identified below… concerning any account in the name of the following individual (Han Peiyong)," including specified account numbers and a broad range of additional categories such as communications, electronic information, and access logs.

5. Neither the Subpoena nor the Notice provides any specific information regarding the nature or scope of the SEC's investigation, other than a general reference to "In the

Matter of Market Manipulation in Certain IPOs." No explanation is provided as to how my personal banking records are relevant to this inquiry.

6. After a thorough review of my personal records, I can affirm that none of my financial records contain any information that would be material or relevant to the SEC's investigation into "Market Manipulation in Certain IPOs."

7. I have never invested in any initial public offerings (IPOs), and therefore, my records at East West Bank—or at any other financial institution—contain no information relating to IPO investments.

8. The Right to Financial Privacy Act of 1978 (12 U.S.C. § 3401 et seq.) was enacted to protect the privacy of individuals' financial records and to prevent indiscriminate government access to such records without a showing of relevance and necessity. The Act requires that government agencies demonstrate the relevance of the records sought to a legitimate law enforcement inquiry.

9. The Subpoena at issue fails to articulate any basis for believing that my personal financial records are relevant or material to the SEC's investigation. Absent such a showing, the compelled disclosure of my confidential financial information would constitute an unwarranted invasion of privacy, contrary to the protections afforded by the Right to Financial Privacy Act.

10. I respectfully request that the Court quash the Subpoena in its entirety, or, at a minimum, require the SEC to make a specific and sufficient showing of relevance and necessity with respect to the records sought in connection with its investigation.

11. I do not seek to obstruct or impede the SEC's critical regulatory functions. However, I should not be compelled to forfeit my statutory right to financial privacy, nor to expose

my confidential personal information, in the absence of any demonstrated relevance to the SEC's inquiry.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: August 15, 2025

*Han Peiyong*
HAN PEIYONG