UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAN PEIYONG,<br><br>           Movant,<br><br>v.<br><br>UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>           Respondent. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ORDER PURSUANT TO CUSTOMER CHALLENGE PROVISIONS OF RIGHT TO FINANCIAL PRIVACY ACT OF 1978**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii
PRELIMINARY STATEMENT ............................................................................................... 1
FACTUAL BACKGROUND ..................................................................................................... 1
RIGHT TO FINANCIAL PRIVACY ACT LEGAL FRAMEWORK ................................... 2
    I. Procedural Requirements Under the RFPA ...................................................................... 2
    II. Substantive Grounds for Judicial Review ....................................................................... 2
    III. Application of SDNY Precedent .................................................................................... 3
    IV. Lack of Relevance and Overbreadth .............................................................................. 3
    V. Remedy ............................................................................................................................ 3
CONCLUSION ............................................................................................................................ 4

4919-0858-2495, v. 1

## TABLE OF AUTHORITIES

**Cases**

Davidov v. U.S. S.E.C., 415 F. Supp. 2d 386 (S.D.N.Y. 2006) ................................................. 3, 4

Douglas v. United States, 410 F. Supp. 2d 292 (S.D.N.Y. 2006) .................................................... 2

Feiner v. U.S. S.E.C., 914 F. Supp. 2d 474 (S.D.N.Y. 2012) ......................................................... 2

Lerman v. U.S. S.E.C., 928 F. Supp. 2d 798 (S.D.N.Y. 2013) ....................................................... 2

Selevan v. U.S. S.E.C., 482 F. Supp. 3d 90 (S.D.N.Y. 2020) ........................................................ 3

**Statutes**

12 U.S.C. §§ 3401–3423 ............................................................................................................... 1

## **PRELIMINARY STATEMENT**

This Memorandum is submitted in support of the motion of Han Peiyong to quash a Subpoena Duces Tecum dated July 16, 2025, issued by the Securities and Exchange Commission ("SEC") and served upon East West Bank. The Subpoena and Notice, annexed as Exhibit A, seeks numerous categories of documents concerning all accounts under Mr. Peiyong's name or control. Mr. Peiyong brings this motion pursuant to the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3401–3423, which provides the sole judicial remedy available to a bank customer seeking to oppose disclosure of financial records to a government authority. Mr. Peiyong respectfully requests that the Court quash the Subpoena in its entirety, or at a minimum, require the SEC to make a specific showing of relevance and necessity.

## **FACTUAL BACKGROUND**

Mr. Peiyong is a customer of East West Bank and the individual whose financial records are the subject of the Subpoena. The Subpoena demands that East West Bank produce all documents identified below concerning any account in Mr. Peiyong's name, including specified account numbers, communications, electronic information, and access logs.

Neither the Subpoena nor the accompanying Customer Notice provides any specific information regarding the nature or scope of the SEC's investigation, beyond a general reference to "In the Matter of Market Manipulation in Certain IPOs." No explanation is offered as to how Mr. Peiyong's personal banking records are relevant to that inquiry.

After reviewing his personal records, Mr. Peiyong affirms that they do not contain information material or relevant to the SEC's investigation. He has never invested in any initial public offerings (IPOs) and therefore has no records related to IPO investments at East West Bank or any other financial institution.

# RIGHT TO FINANCIAL PRIVACY ACT LEGAL FRAMEWORK

**I. Procedural Requirements Under the RFPA**

Section 3410(a) of the RFPA requires that a motion to quash be filed within ten days of service, or within fourteen days of mailing, of the subpoena or formal request. The motion must be accompanied by a sworn statement that the movant is a customer of the financial institution and setting forth reasons to believe that the financial records sought are not relevant to a legitimate law enforcement inquiry or that the government has failed to comply with RFPA's procedural requirements. Strict compliance is required, although untimeliness does not deprive the Court of subject matter jurisdiction if the government does not raise it as an objection, and in this case, there has been an agreement between the SEC and the movant affirmatively granting an extension of time. Douglas v. United States, 410 F. Supp. 2d 292, 296 (S.D.N.Y. 2006). Mr. Peiyong has complied with these procedural requirements, timely filing this motion supported by his sworn affidavit.

**II. Substantive Grounds for Judicial Review**

Judicial review under § 3410 is limited to two questions: (1) whether there is a demonstrable basis to believe the law enforcement inquiry is legitimate; and (2) whether the government authority has a reasonable belief that the records sought are relevant to that inquiry. Lerman v. U.S. S.E.C., 928 F. Supp. 2d 798, 803 (S.D.N.Y. 2013); Feiner v. U.S. S.E.C., 914 F. Supp. 2d 474, 478 (S.D.N.Y. 2012).

The statute does not require the records to be demonstrably relevant, only that the government has a reasonable belief in their relevance. Douglas, 410 F. Supp. 2d at 296. However, customers may prevail by showing a factual basis for concluding that the records are irrelevant, and courts have held that a prima facie case of impropriety is sufficient. Selevan v. U.S. S.E.C., 482 F. Supp. 3d

2

90, 95 (S.D.N.Y. 2020).

Here, the SEC has provided no factual basis in the Subpoena or Notice to connect Mr. Peiyong's personal accounts to its stated IPO-related investigation. Absent such a showing, the Subpoena fails under RFPA's substantive standard.

**III. Application of SDNY Precedent**

In Davidov v. U.S. S.E.C., 415 F. Supp. 2d 386 (S.D.N.Y. 2006), the Court emphasized that § 3410 is the sole judicial remedy for opposing disclosure of financial records and that review is limited to the narrow statutory questions of legitimacy and relevance. Likewise, in Feiner, the Court denied a motion to quash after finding the SEC had articulated a reasonable basis for believing the records were relevant, something absent here. And in Douglas, the Court upheld a subpoena only where the government established such a reasonable belief.

In contrast, the SEC here has offered only generic language stating that it is investigating "Market Manipulation in Certain IPOs," with no link to Mr. Peiyong or his accounts. This is insufficient under the reasoning of Lerman, Feiner, and Davidov.

**IV. Lack of Relevance and Overbreadth**

Mr. Peiyong's affidavit states that, to the best of his knowledge, his financial records contain no information relating to IPO investments or any alleged market manipulation. The compelled and indiscriminate disclosure of private information constitutes precisely the type of government intrusion RFPA was enacted to prevent. The SEC has neither met nor attempted to meet its burden to show that Mr. Peiyong's records are relevant to a legitimate law enforcement inquiry.

**V. Remedy**

Under § 3410(c), if the Court finds the inquiry illegitimate, the records irrelevant, or the government's request noncompliant with RFPA, it must quash the subpoena or enjoin

3

enforcement. See <u>Davidov</u>, 415 F. Supp. 2d at 390.

> If a court finds, in response to a customer challenge, "that there is not a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry," the court "shall order the process quashed or shall enjoin the Government authority's formal written request."

§ 3410(c).

## CONCLUSION

Because the SEC has failed to demonstrate a reasonable belief that Mr. Peiyong's personal banking records are relevant to its investigation, and has provided no substantive basis for its request, the Subpoena should be quashed in its entirety. In the alternative, the Court should require the SEC to make a specific and sufficient showing of both relevance and necessity before compelling any disclosure.

Dated:  August 15, 2025
        New York, NY

                                        Respectfully Submitted,
                                        Scarinci Hollenbeck, LLC

                            By:    /s Christopher D. Warren
                                   Christopher D. Warren, (CW3630)
                                   *Attorneys for Han Peiyong*
                                   519 8th Ave, 25th Floor
                                   New York, NY 10018
                                   (212) 390-8060

4