UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Peiyong,<br><br>　　　　　　　　Movant,<br><br>　　　v.<br><br>United States Securities & Exchange Commission,<br><br>　　　　　　　　Respondent. | 25-MISC-350 (DEH)<br><br>MEMORANDUM ORDER |

DALE E. HO, United States District Judge:

　　Currently before the Court is Movant Han Peiyong's Motion to Quash pursuant to the Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. § 3410. ECF No. 2. Mr. Peiyong filed this Motion after the Securities and Exchange Commission ("SEC") issued a subpoena duces tecum (the "Subpoena") upon East West Bank ("EWB") for his financial records. *See* Mem. L. Supp. Mot. Quash Subpoena ("Movant's Mem.") at 1, ECF No. 5. The Subpoena "seeks numerous categories of documents concerning all accounts under Mr. Peiyong's name or control" at EWB. *Id.* The SEC opposes Mr. Peiyong's motion, arguing that it should be denied "because staff of the SEC's Division of Enforcement is conducting a legitimate law enforcement inquiry and has evidence suggesting that Petitioner is connected to a group of individuals and entities involved in manipulating the securities of numerous issuers that registered initial public offering share with the SEC and that traded on U.S. Markets." Verified Opp'n Pet'r Mot. Quash Subpoena ("SEC Opp'n"), 1-2, ECF No. 7. For the reasons explained below, Mr. Peiyong's Motion to Quash is **DENIED**.

　　The RFPA "provides a path for a customer to challenge a subpoena issued to a bank seeking the customer's financial records." *Persaud v. U.S. Sec. & Exch. Comm'n*, No. 24 Misc. 505, 2025

WL 831115, at *2 (S.D.N.Y. Mar. 17, 2025) (citing 12 U.S.C. § 3410).[1] It is "the sole judicial remedy for a bank customer to oppose the disclosure of financial information sought by a federal authority." *Kaplan v. U.S. Sec. & Exch. Comm'n*, No. 22 Misc. 3687, 22 Misc. 3688, 2023 WL 1766274, at *2 (E.D.N.Y. Feb. 3, 2023). "Under the RFPA, an individual can only challenge: (1) the relevance of the subpoena request, (2) the legitimacy of the investigation, and (3) the agency's compliance with the customer notice provisions." *Id.* (citing 12 U.S.C. § 3410). "A district court's review of a challenge to an administrative subpoena under the RFPA is somewhat limited[; t]he Court must deny the motion when it finds 'that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry,' and 'in the case of an administrative summons or court order other than a search warrant, order such process enforced.'" *Id.* (quoting 12 U.S.C. § 3410(c)).[2]

Here, Mr. Peiyong requests that the Court quash the Subpoena because "[n]either the Subpoena nor the accompanying Customer Notice provides any specific information regarding the nature or scope of the SEC's investigation, beyond a general reference to 'In the Matter of Market Manipulation in Certain IPOs.' No explanation is offered as to how Mr. Peiyong's personal banking records are relevant to that inquiry." Movant's Mem. at 1. Having "review[ed] his personal records, Mr. Peiyong affirms that they do not contain information material or relevant to the SEC's investigation." *Id.* Thus, he argues, "the SEC has provided no factual basis in the

---

[1] In all quotations from cases, the Court omits citations, footnotes, emphases, internal quotation marks, brackets, and ellipses, unless otherwise indicated.

[2] The RFPA also contains procedural requirements on when and how a motion to quash must be served as well as the information a petitioner need provide to support such a motion. *See* 12 U.S.C. § 3410(a). These requirements are not at issue here, so the Court does not include them in its analysis.

Subpoena or Notice to connect Mr. Peiyong's personal accounts to its stated IPO-related investigation," meaning that "the Subpoena fails under RFPA's substantive standard." *Id.* at 3.

Mr. Peiyong's arguments are unpersuasive. The SEC's Opposition to the Motion clearly demonstrates that the Subpoena is both related to a legitimate law enforcement inquiry and that the SEC has a reasonable belief that the financial records it seeks are relevant to that inquiry.

Regarding the legitimacy of the SEC's investigation, "Section 3401(8) defines 'law enforcement inquiry' as 'a lawful investigation or official proceeding inquiring into a violation of, or failure to comply with, any criminal or civil statute or any regulation, rule, or order issued pursuant thereto." *Persaud*, 2025 WL 831115, at *5. In January 2023, "[t]he SEC issued a Formal Order Directing Private Investigation and Designating Officers to Take Testimony in *In the Matter of Market Manipulation in Certain IPOs* . . . ." SEC Opp'n at 2. Pursuant to that Order, the SEC is currently "investigating whether dozens of IPOs registered with the SEC and trading on U.S. exchanges between 2020 and 2025 were used as vehicles in a suspected IPO manipulation scheme orchestrated by persons with ties to Hong King and China." SEC Opp'n at 3.[3] It alleges that "SEC Staff has received evidence that suggests [Mr. Peiyong] has significant financial and personal ties to [the people] profiting from this scheme," and goes on to describe such persons, including his brother. *Id.* at 4. Across several pages, the SEC describes specific, suspicious financial transactions Mr. Peiyong is alleged to have been a party to pursuant to the alleged IPO manipulation scheme, *see id.* at 4-6, and concludes by noting that "Petitioner offers no argument[s]" questioning the legitimacy of the SEC's investigation into "possible violations of the

---

[3] The SEC explains that "[i]n the days, weeks, and/or months following its IPO, each issuer's securities experiences unusual, extreme, and unexplained price movements, generally consisting of a large upward price spike followed by drop to a price far below the high and often below the offering price." SEC Opp'n at 3. Its investigation concerns, *inter alia*, whether these "unusual price movements" "resulted from illegal market manipulation." *Id.*

federal securities laws," *id.* at 8. This is sufficient to establish that the SEC is conducting a "legitimate law enforcement inquiry." *See Logan v. U.S. Sec. & Exch. Comm'n*, No. 21 Misc. 352, 2021 WL 4312076, at *2 (S.D.N.Y. Sep. 22, 2021) ("The SEC has statutory authorization to investigate potential violations of the federal securities laws."); *Feiner v. U.S. Sec. & Exch. Comm'n*, 914 F. Supp. 2d 474, 477 (S.D.N.Y. 2012) (declining to quash subpoena pursuant to RFPA after finding, *inter alia*, the subpoena at issue was legitimate where the SEC was "conducting its investigation pursuant to a formal investigative order" and where the movant did "not appear to argue that the investigation [was] illegitimate and/or motivated by an illegitimate purpose").

With respect to the relevance of the financial records sought from EWB, the SEC has similarly sufficiently demonstrated that it has a reasonable belief these documents are relevant to a legitimate inquiry. Pursuant to his "initial burden of presenting a prima facie case that government access to his financial records would be improper," *Panaro v. U.S.S.E.C.*, No. 86 Civ. 4122, 1987 WL 15951 at *1, (E.D.N.Y. Aug. 5, 1987), Mr. Peiyong argues that the subpoena is not relevant to a legitimate inquiry because, *inter alia*, he has independently concluded that his financial records "do not contain information material or relevant to the SEC's investigation." Movant's Mem. at 1. He substantiates this claim by asserting that "[h]e has never invested in any initial public offerings and therefore has no records related to IPO investments at East West Bank or any other financial institution." *Id.*

But in its Opposition, the SEC meets its low burden of "demonstrat[ing] merely that it has a reasonable belief that the requested records are relevant." *Feiner*, 914 F. Supp. 2d at 478 (citing 12 U.S.C. § 3410(c)); *see also id.* (describing the SEC's required showing as "not a high burden"). The question of relevance is, for purposes of this inquiry, "quite broad[]." *Id.* (citing *NLRB v. Am. Med. Response, Inc.*, 438 F.3d 188, 193 (2d Cir. 2006)). "Once a person's connection to apparently

illicit conduct has been shown, it is relevant to know whether that person's bank account contains evidence of such conduct. What need be shown is not probable cause, but a good reason to investigate." *Id.* (quoting *In re SEC Private Investigation/Application of John Doe re Certain Subpoenas*, No. M8085, 1990 WL 119321, at *2 (S.D.N.Y. Aug. 10, 1990)). The SEC clearly links Mr. Peiyong to its investigations, explaining, *inter alia*, that Mr. Peiyong's brother sent "money possibly linked to the scheme into one brokerage account and then sent at least $4.5 million from that brokerage account as 'gifts' to accounts under Petitioner's control," that Mr. Peiyong "appears to have also received significant proceeds from the Suspected IPO Manipulation scheme from other suspected [scheme] members," including "an entity in which [he] purchased a 40% ownership interest in," and that one alleged entity connected with the scheme "disbursed a significant portion of . . . funds to other accounts related to Petitioner," including "one of [his] personal bank accounts." SEC Opp'n at 5. Ultimately, the SEC's well-supported argument that "millions in proceeds from the Suspected IPO Manipulation Scheme flowed through accounts in which Petitioner has an interest" more than suffices to show that its subpoenas are relevant to its investigation. *Id.* at 6; *see, e.g.*, *Feiner*, 914 F. Supp. 2d at 478-79 (finding subpoena relevant because, *inter alia*, "[t]he SEC's task is to follow the money[,]" "[t]he trail appears to lead directly to accounts established by Movant[,]" and the SEC could not "determine which accounts, if any," were connected to a fraudulent scheme "without access to the requested records in the first place"); *In re SEC Private Investigation/Application of John Doe re Certain Subpoenas*, 1990 WL 119321, at *2 ("By showing that plaintiff has a connection to activity it is charged to investigate, the SEC has shown reason for a belief that the bank records it seeks here contain relevant information.").

Because the SEC is conducting a legitimate law enforcement investigation, and because the Subpoena seeks information relevant to that investigation, the Motion to Quash is denied and

enforcement of the subpoena is granted. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: October 7, 2025
New York, New York

                                        DALE E. HO
                            United States District Judge